## PROSECUTION FOR VIOLATION OF LOCAL OPTION.

Circuit Court of Licking County.

ROBERT FOLLIARD v. STATE OF OHIO.

Decided, 1910.

*Evidence—As to Payment of Special Tax to U. S. Government as a Retail Liquor Dealer—Competent in a Prosecution for Violation of Local Option Law—Bill of Rights—Competency of Exemplified Records.*

1. The provision in the Bill of Rights that an accused person shall be entitled to meet the witnesses face to face, applies to parol testi-

mony only, and does not bar the introduction of public records or other instruments in writing which may become competent in the trial of a criminal case.

2. Inasmuch as the rules of the Internal Revenue Department do not permit the removal of records from the offices of the collectors, and the state is without authority to compel the production of such records, an exemplified copy of so much of said records as will show that the defendant, on trial for alleged violation of the county local option law, had paid to the United States the special tax assessed against retail liquor dealers, of necessity becomes the best evidence that can be produced of that fact, and it is not error to permit its introduction.

By the Court (Taggart, J., Donahue, J., and Voorhees, J.).

The motion of plaintiff in error to file a petition in error in this court was for good cause allowed, and the petition in error was filed, and the cause submitted to the court upon the questions raised by said petition in error and the bill of exceptions taken in the trial of the case.

The first contention of the plaintiff in error is: that the court erred in permitting the state to introduce a certified copy of the record in the internal revenue department of the United States, showing that said defendant below had paid to the United States the special tax as a retail dealer in intoxicating liquors.

It is insisted that this is in volation of Section 10 of the Bill of Rights, and particularly that part of the section which provides that the accused shall be entitled to meet the witnesses face to face. But, in the opinion of the court, this section has no application whatever. That applies to the parol testimony of a witness only, and not to the introduction of public records, or other instruments of writing, which may become competent evidence in the trial of a criminal case.

Section 4364-30v, Revised Statutes (Section 6100, General Code), provides that the payment of such special tax shall be held to be *prima facie* evidence that the person or persons paying the same are violating the law prohibiting the sale of intoxicating liquors as a beverage.

This same question is raised in other cases submitted to this court at this term, and what we have to say upon the subject will

be stated in this opinion, and not repeated in the opinions of the other cases.

In some of the cases it is insisted that this is made competent evidence in civil cases only. Those are the terms of Section 4364-15, Revised Statutes (Section 6092, General Code), but Section 4364-30$y$ also expressly provides that the payment of such tax is competent evidence in a prosecution for the violation of the liquor laws.

It is insisted, however, that the original record itself must be introduced in evidence and that a certified copy thereof is not competent evidence. In answer to that contention it is sufficient to say that the best evidence of which a case in its nature is susceptible must be introduced  This rule applies to criminal as well as civil cases. In fact the general rule as to competent evidence in criminal cases is not different from that in civil cases, except as to the constitutional provision contained in Section 10 of the Bill of Rights and such other differences as are expressly provided for by statute. Otherwise evidence that is competent in civil cases is equally competent in criminal cases.

Under the rules and regulations of the internal revenue department of the United States these records are not permitted to be taken from the office of the collector, and the state has no authority to control the policy of the general government in that respect. Therefore the best evidence that can be obtained touching the matters and things contained in this record is, of necessity, an exemplification of that record.

By Section 5245 of the Revised Statutes (Section 11500, General Code), it is specially provided that copies of any books, maps, records, papers or documents on file or deposited in any of the executive departments of the United States Government, authenticated under the seal of such department, shall be competent evidence and have the same force and effect as the originals would if produced.

To the same effect is Section 906 of the United States Statutes.

Therefore in view of this provision of the law and in view of the fact that this is not the parol evidence of a witness, the introduction of this certified copy of the record was and is author-

ized by the statute and is not in violation of the Constitution of the state, and the court was not in error in admitting it in evidence.

The next contention of the plaintiff in error is, that the evidence offered by the state does not sustain the conviction, or that the finding of the court is against the manifest weight of the evidence.

It is true that there is a serious conflict of evidence in this case, but under the statute to which we have just called attention the proof of the payment of this special tax makes a *prima facie* case, and coupled with that is the positive evidence of a witness who testifies that he bought intoxicating liquors from the accused at the time and place mentioned in the affidavit. True this witness is a detective and there are some things in connection with his cross-examination which affect his credibility, but from the whole record this court can not say that the finding of the trial court is so manifestly against the weight of the evidence as to require a reversal for that reason.

Therefore the judgment of the common pleas court is affirmed and the cause is remanded for execution.